# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62106-BLOOM/Valle

PIA GAGLIARDI,

      Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment, ECF No. [23] ("Defendant's Motion"), and Plaintiff's Motion to Declare Social Security Administration Administrative Law Judges Unconstitutional as Violating the Appointments Clause & Remand for a New Administrative Hearing, ECF No. [30] ("Plaintiff's Motion") (collectively, the "Motions"). The Motions were previously referred to the Honorable Alicia O. Valle, United States Magistrate Judge, for Report and Recommendation, ECF No. [5]. On January 17, 2020, Judge Valle issued a Report and Recommendation, ECF No. [35] ("R&R"), recommending that (i) Defendant's Motion be granted, (ii) Plaintiff's Motion be denied, and (iii) the Administrative Law Judge's Decision ("ALJ's Decision") be affirmed. *See* ECF No. [35]. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days. *Id.* at 29. On January 31, 2020, Plaintiff filed her Objection to Report and Recommendation to District Judge, ECF No. [36] ("Plaintiff's Objections"). Defendant did not file any objections, but it responded in opposition to Plaintiff's Objections on February 14, 2020. *See* ECF No. [37] ("Defendant's Response").

The Court has carefully considered the R&R, Plaintiff's Objections, Defendant's Response, the record in this case, the applicable law, and is otherwise fully advised. Moreover, the Court has conducted a *de novo* review of the R&R in light of Plaintiff's Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Valle's R&R to be well-reasoned and the analysis to be correct.

## I. BACKGROUND

The Court adopts Judge Valle's description of the administrative history and record below, ECF No. [35] at 2, 5-8, and incorporates it by reference herein.

In the R&R, Judge Valle determined that Plaintiff's Appointments Clause challenge was untimely, *id.* at 9-13, the ALJ properly evaluated Plaintiff's testimony, *id.* at 13-18, the ALJ properly weighed the medical opinions of Drs. Barnett, Issa, Mihm, Laboy, and Mungul, *id.* at 18-27, and the ALJ properly relied on the Vocational Expert's testimony, *id.* at 27-28. Plaintiff objects to each of these conclusions, but the bulk of Plaintiff's Objections is directed to the Appointments Clause issue. Specifically, Plaintiff maintains that she did not forfeit her Appointments Clause challenge by failing to raise it during the administrative proceedings. She claims that there is no issue exhaustion requirement in the social security context, there is no judicially created exhaustion requirement for the Social Security Administration's ("SSA") Appeals Council, SSA claimants can bypass administrative review and be heard by a district court, and due process and equitable considerations favor allowing the Appointments Clause challenge to proceed, such as the futility exception and the importance of safeguarding constitutional provisions. ECF No. [36] at 3-16.

Regarding the other objections, Plaintiff contends that the ALJ improperly discredited Plaintiff's treating physicians' opinions while improperly affording excess weight to Defendant's physicians, the ALJ improperly discredited Plaintiff's testimony, and the SSA did not meet its burden to show Plaintiff can sustain employment. *See id.* at 16-21.

Defendant's Response, in turn, asserts that the R&R correctly determined that Plaintiff waived her Appointments Clause claim, correctly found the ALJ had properly weighed the medical opinions, and correctly found the ALJ had properly discounted Plaintiff's subjective complaints. ECF No. [37].

## II.    LEGAL STANDARD

Plaintiff does not object to Judge Valle's recitation of the standard for judicial review of a final decision by the Commissioner of the Social Security Administration, which, in any event, is correct.[1] *See* ECF No. [35] at 2-3. Judicial review of the ALJ's Decision is limited to whether "'it is supported by substantial evidence and based on proper legal standards.'" *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal

---

[1] Here, the September 26, 2017 administrative law judge ("ALJ") determination became the Commissioner's "final decision" when the Appeals Council denied Plaintiff's request for review. *See* ECF No. [35] at 2; *see also Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

quotation marks and citations omitted); *accord Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). The R&R properly states the legal and regulatory standards an ALJ must employ in making a determination as to eligibility for supplemental security income benefits. *See* ECF No. [35] at 3-5. Through this lens, the Court addresses Plaintiff's Objections.

## III.    DISCUSSION

### A.    Plaintiff waived her Appointments Clause challenge

The gist of Plaintiff's Appointments Clause argument is that the ALJ was unconstitutionally appointed, and the Court therefore must remand her case to be heard by a different and constitutionally appointed ALJ. In support of this argument, Plaintiff relies heavily on *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), *Sims v. Apfel*, 530 U.S. 103 (2000), and *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) for the proposition that there is no issue exhaustion requirement in the social security context.[2]

The Eleventh Circuit has not yet addressed the issue of whether the failure to raise the Appointments Clause challenge in the SSA administrative proceedings forfeits the claim. However, the Eleventh Circuit, relying upon *Lucia*, has recently declined to excuse a petitioner's

---

[2] The R&R expressly noted that Judge Valle "reviewed the facts of this case and the plethora of post-*Lucia* cases on this issue" but concluded that Plaintiff's Appointments Clause challenge was untimely because it was not raised during the administrative proceedings. *See id.* at 9-13.

forfeiture of its Appointments Clause argument in which it did not timely challenge the validity of the ALJ's appointment. *See Pharmacy Doctors Enters., Inc. v. Drug Enforcement Admin.*, 789 F. App'x 724, 727-29 (11th Cir. 2019) (concluding that petitioner "has forfeited its Appointments Clause challenge" because "arguments based on the Appointments Clause are nonjurisdictional and therefore subject to the ordinary rules of forfeiture") (citing *Freytag v. C.I.R.*, 501 U.S. 868, 893-94 (1991) (Scalia, J., concurring in part and concurring in judgment)).

Moreover, federal courts within Florida routinely have interpreted *Lucia* to mean that, in the context of social security proceedings, an Appointments Clause challenge must be raised before the ALJ's decision becomes final at the administrative level. *See, e.g.*, *Perez v. Berryhill*, No. 18-20760-CV, 2019 WL 1405642, at *4-5 (S.D. Fla. Mar. 28, 2019) (rejecting as untimely claimant's Appointments Clause argument where claimant did not raise the issue either during the proceedings before the ALJ or to the Appeals Council) (relying on *Lucia*, 138 S. Ct. at 2055 and *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)); *Parker v. Berryhill*, No. 18-14349-CIV, 2019 WL 3097511, at *10-11 (S.D. Fla. July 15, 2019) (rejecting same argument, explaining that "[a]lthough the Eleventh Circuit has yet to decide this issue, the courts within this circuit have held that an Appointments Clause challenge, in the context of social security disability proceedings, is nonjurisdictional and must be raised at the administrative level," and noting that *Sims* "does not stand for Plaintiff's argument that an SSA claimant may raise issues for the first time in federal court"); *Lopez v. Berryhill*, No. 18-20626-CV, 2019 WL 1429632, at *5-7 (S.D. Fla. Mar. 29, 2019) (explaining that if plaintiff "truly wished to raise an Appointments Clause challenge, *Lucia* and *Ryder* require[d] her to have done so either during the proceedings before [the] ALJ . . . or to the Appeals' Council after the ALJ issued his decision"). *See also Jones v. Berryhill*, No. 4:18CV503-CAS, 2019 WL 2583157, at *7-8 (N.D. Fla. June 21, 2019) (finding that claimant

forfeited her Appointments Clause challenge by failing to raise it at any point during the administrative process, and commenting that "post-*Sims* cases have found that although *Sims* held that a Plaintiff need not exhaust an issue before the Appeals Council, the Court 'specifically left open the question of whether an issue is waived if it is not raised in the administrative hearing'"); *Valle-Roman v. Comm'r of Soc. Sec.*, No. 6:18-CV-1158-ORL-TBS, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019) (holding that plaintiff's failure to raise Appointments Clause issue at the administrative level is "fatal" to her claim because "[a]ny challenge to the constitutional validity of the ALJ's appointment that was not first raised at the administrative level is rejected as untimely"). "These cases agree with the 'vast majority of courts that have considered this issue' and have concluded the Appointments Clause issue is forfeited if not raised in the administrative proceedings." *Jones*, 2019 WL 2583157, at *7 (collecting cases). Indeed, as noted in Defendant's Response, since *Lucia*, the vast majority of district courts have rejected Appointments Clause challenges to SSA ALJs where the plaintiff did not raise the issue during the administrative proceedings. *See* ECF No. [37] at 3 (collecting cases). The Court finds these cases persuasive.

The Court has also considered *Cirko*, 948 F.3d 148, in which the Third Circuit Court of Appeals held that claimants do not need to present an Appointments Clause claim during SSA administrative proceedings but instead may raise that claim for the first time in the district court. The Court reasoned that the characteristics of SSA review process and rights protected by the Appointments Clause favor resolution of such claims on the merits. *Id.* That decision, however, is not binding precedent in this jurisdiction nor is it overridingly persuasive.[3] In fact, the only two

---

[3] The Court acknowledges that two decisions from other courts in this district are currently pending appeal before the Eleventh Circuit. *See Perez v. Comm'r of Soc. Sec.*, No. 19-11660 (appeal filed Apr. 29, 2019) and *Lopez v. Acting Comm'r of the Soc. Sec. Admin.*, No. 19-11747 (appeal filed May 3, 2019).

courts within the Eleventh Circuit that have cited it did not follow it when concluding that claimants waived or forfeited their Appointments Clause challenge by failing to raise it during the administrative proceedings. *See Olson v. Comm'r of Soc. Sec.*, No. 2:19-CV-273-FTM-MAP, 2020 WL 831579, at *6 (M.D. Fla. Feb. 20, 2020); *Zayas o/b/o J.X.A. v. Comm'r of Soc. Sec.*, No. 8:18-CV-2918-T-MAP, 2020 WL 487153, at *6 (M.D. Fla. Jan. 30, 2020).

As part of its decision, the Third Circuit panel noted that requiring exhaustion "would impose an unprecedented burden on SSA claimants" and would force claimants "despite the informal, non-adversarial nature of the review process—to root out a constitutional claim even beyond the power of the agency to remedy, or alternatively risk forfeiture," *Cirko*, 948 F.3d at 156-57, and that the government's interest in requiring exhaustion is "negligible at best" because an ALJ cannot cure the constitutionality of their own appointments. *Id.* at 157-58. However, while the individual ALJ may not be able to grant relief, the SSA could engage in corrective measures, such as by assigning the case to a new ALJ or vacating the ALJ's decision. *See* SSR 19-1p, 84 Fed. Reg. 9582-02, 9583 (Mar. 15, 2019). Moreover, the government's interest in having Appointments Clause challenges brought in a timely fashion is not negligible. The SSA "receive[s] millions of applications for benefits each year," and the SSA "must make decisions efficiently in order to ensure that the system continues to work and serve the American people" especially as the SSA "employ[s] more ALJs than all other Federal agencies combined," issues "hundreds of thousands of decisions each year," and *Lucia* "has the potential to significantly affect" the SSA's hearings and appeals process. *See id.* Accordingly, the Court declines to follow *Cirko*.

The Court, similarly, finds Plaintiff's additional arguments concerning the Appointments Clause to be unconvincing. In particular, Plaintiff argues that equitable considerations excuse her failure to raise the Appointments Clause issues. For instance, she asserts that it would have been

futile to raise the claim directly to the ALJ or to the SSA during the administrative process. But, notably, 20 C.F.R. § 404.940 "requires that any request to disqualify the ALJ must be made to the ALJ at the 'earliest opportunity' and, if not resolved, then the objection concerning the ALJ is to be presented to the Appeals Council." *Jones*, 2019 WL 2583157, at *8 n.10. It is undisputed that Plaintiff did not challenge the ALJ's ability to hear her case in any of the administrative proceedings below. Had Plaintiff timely raised her Appointments Clause challenge in the administrative proceedings, the Appeals Council could have vacated the ALJ's Decision and remanded the case for further proceedings before a different ALJ. *See* 20 C.F.R. §§ 404.967, 404.977, 416.1467, and 416.1477.

Plaintiff further contends that she had insufficient notice that waiver of her Appointments Clause challenge would occur if not timely made. However, this does not comport with the state of extant law prior to the administrative hearing in May 2017. Indeed, prior to *Lucia*, Appointments Clause challenges were required to be made in a timely fashion, meaning during the administrative proceedings. *See, e.g.*, *Ryder*, 515 U.S. at 182-83 ("We think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments."); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) (recognizing that "orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts"). *See also United States v. Suescun*, 237 F.3d 1284, 1287-88 (11th Cir. 2001) (criminal defendant forfeited Appointments clause challenge to appointment of interim United States Attorney by failing to raise

it in a timely fashion); *Pharmacy Doctors Enters., Inc.*, 789 F. App'x at 729 (finding that petitioner's "argument that its Appointments Clause challenge was unavailable before the Supreme Court decided *Lucia* is without merit" and noting that the "availability of an argument does not depend on whether a court has already issued a decision addressing that exact argument").

Finally, the Court declines Plaintiff's invitation to conduct a discretionary review of the Appointments Clause challenge. Although the Court agrees with Plaintiff's contention that the Appointments Clause "demands the utmost respect," that respect does not require the Court to undertake a discretionary review in the absence of "rare" and "exceptional" circumstances. *See United States v. Godoy*, 821 F.2d 1498, 1504 (11th Cir. 1987) ("The general rule, of course, is that an appellate court will not consider a legal issue unless it was presented to the trial court. This rule, however, is not jurisdictional and may be waived by this court in certain exceptional circumstances. Thus, on rare occasions, we may exercise our jurisdiction when the proper resolution of a legal issue is 'beyond any doubt.'") (internal citations omitted); *Freytag*, 501 U.S. at 879 (1991) (concluding that the case before the court was "one of those rare cases" where the court should exercise its discretion to hear a challenge to the constitutional authority of the trial judge that was not raised below)).

In *Godoy*, the Eleventh Circuit found that a Speedy Trial Act violation had occurred and that the case presented "a rare situation" for discretionary review of issues not raised in the lower court. Specifically, the court explained that "even though the computation issue ha[d] not been raised by either party," "the issues in [the] case relate solely to the Speedy Trial Act and, especially, its computations" such that the court was "not overreaching" in addressing "errors of law made by the district court in determining the legal framework from which the applicable indictment period is computed, when the parties have focused their attention throughout on the proper number of

days that can be excluded from that period." 821 F.2d at 1504. In *Freytag*, the court exercised its discretion to review an Appointments Clause challenge that had not been raised before the Tax Court because the issues raised "important questions" "about the Constitution's structural separation of powers." *See* 501 U.S. at 872. In that case, the court was tasked with deciding whether the authority that Congress has granted the Chief Judge of the United States Tax Court to appoint special trial judges transgressed the structure of separation of powers. *Id.* at 871. The Court explained that it faced a constitutional challenge that was "neither frivolous nor disingenuous" and which went directly "to the validity of the Tax Court proceedings," and effectively the scope of cases that special trial judges could preside over, such that it was a "rare case[]" for which the court should exercise discretion to hear issues not previously raised below. *See id.* at 873-74, 877-79.

The present case is not such a "rare" or "exceptional" circumstance that warrants discretionary review of issues not raised during the administrative proceeding. "Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial." *See id.* at 893-84 (Scalia, J., concurring in part and concurring in judgment). "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Id.* at 894 (citation omitted). "Forfeiture is 'not a mere technicality and is essential to the orderly administration of justice.' . . . [A] trial on the merits, whether in a civil or criminal case, is the 'main event,' and not simply a 'tryout on the road' to appellate review. The very word 'review' presupposes that a litigant's arguments have

been raised and considered in the tribunal of first instance." *Id.* at 895 (internal citations and footnote omitted).

As other courts have found, the failure to raise the Appointments Clause issue in a timely fashion is not such a "rare" circumstance that warrants discretionary review. *See, e.g.*, *Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 469 (E.D. Pa. 2019) (noting that "[s]ince *Freytag*, the Supreme Court has not clarified the types of 'rare cases' that are excused from the failure to raise a claim before an agency, though the [Supreme] Court long before *Lucia* imposed a timeliness requirement for Appointments Clause challenges," and finding that although claimant's case was not "frivolous nor disingenuous," there was nothing "rare" about his case that would excuse his failure to raise the Appointments Clause challenge at the administrative level); *Unbehagen v. Saul*, No. 1:18CV704, 2019 WL 4415149, at *9 (M.D.N.C. Sept. 16, 2019) (finding claimant's argument did not present a "rare case" for discretionary review, and concluding that "[g]iven the Supreme Court's reaffirmation of an exhaustion requirement for Appointments Clause challenges in its post-*Freytag* decisions in *Ryder* and *Lucia*, the Court should not read *Freytag* as adopting a rule that <u>all</u> Appointments Clause challenges qualify as 'rare cases' that justify the excusal of forfeiture") (emphasis in original);

"[R]egularly excusing forfeiture of Appointments Clause challenges under *Freytag* risks eroding the rule in *Ryder* . . . that an Appointments Clause challenge must be 'timely' to afford the challenger relief." *Muhammad*, 381 F. Supp. 3d at 469 (citation omitted). Moreover, "[a]pplying *Freytag*'s rare case exception here would disincentivize petitioners . . . from raising Appointments Clause challenges at the administrative level." *Id.* Indeed, "regularly permitting unsuccessful claimants to raise such challenges for the first time on judicial review would 'encourage the practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the [adjudicative

entity] pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." *Id.* at 469-70.

Accordingly, the Court finds Plaintiff's Objections as they relate to the Appointments Clause challenge to be unavailing. Plaintiff's Motion is therefore denied and Judge Valle's recommendation in the R&R on this point is accepted in whole. The Court will now turn to Plaintiff's remaining arguments on appeal.

**B.    Plaintiff's objections to the ALJ's Decision are unconvincing**

In addition to the Appointments Clause challenge, Plaintiff argues that the Court should remand because the ALJ's Decision to deny Plaintiff benefits was improper. In particular, Plaintiff maintains that the R&R's conclusions should not be accepted because they "failed to establish that the ALJ made a sufficient articulation of good cause for discounting Plaintiff's treating physicians' opinions, failed to justify the discounting of Plaintiff's own testimony, and failed to establish that the SSA met its burden to prove Plaintiff is capable of maintain[ing] work." ECF No. [36] at 16.

In the R&R, Judge Valle considered at length Plaintiff's arguments. Judge Valle concluded that the ALJ applied the correct legal standard and that the ALJ's Decision is supported by substantial evidence. Upon review, the Court agrees with Judge Valle's conclusions in the R&R.

*i.    The ALJ properly weighed the medical opinions*

Plaintiff contends that the ALJ improperly discredited Plaintiff's treating physicians' opinions while improperly affording excess weight to Defendant's physicians' opinions. ECF No. [36] at 16-19. In particular, Plaintiff complains that her treating physicians were better situated to diagnose her limitations, but the ALJ discredited their opinions in favor of Defendant's non-treating and non-examining physicians. *See id.* at 19. Upon review, the Court does not agree that the ALJ improperly assessed the opinions of Drs. Barnett, Issa, Mihm, Laboy, or Mungul.

Although Plaintiff maintains that the ALJ improperly gave Dr. Barnett's opinion "little weight," *id.* at 19, the R&R acknowledged that the ALJ discounted Dr. Barnett's disabling opinion for several reasons all of which were supported by substantial evidence. First, the ALJ found Dr. Barnett's opinion was internally inconsistent with his own treatment notes, and the R&R cited several examples of this. *See* ECF No. [35] at 20. *See Crawford*, 363 F.3d at 1159 (finding that ALJ's decision to discount treating physician's opinion was supported by substantial evidence where opinion was inconsistent with physician's own treatment notes); *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (finding good cause existed to discount treating physician's opinion where the opinion was contradicted by other notations in the physician's own record). Second, the ALJ found Dr. Barnett's conclusion regarding Plaintiff's limitations to be inconsistent with Dr. Issa's treatment records, and the R&R cited specific examples in support. *See* ECF No. [35] at 21. Finally, the ALJ discounted Dr. Barnett's opinion because it was largely based on Plaintiff's subjective complaints and self-reports, which findings lacked objective evidence, and the R&R provided an example. *See id. See also Edwards*, 937 F.2d at 583 (noting that a treating physician's report may be discounted when it is not accompanied by objective medical evidence); *Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 13-14 (11th Cir. 2012) (treating physician's opinion properly discounted by ALJ where opinions did not cite to specific objective medical evidence or test results nor referenced any specific information regarding the results of physical or mental evaluations); *Pettaway v. Astrue*, 376 F. App'x 889, 891 (11th Cir. 2010) (finding that ALJ had good cause to discount treating physician's opinion where the opinion "went against the balance of objective medical evidence and was based mainly on [claimant's] subjective complaints").

Moreover, although the ALJ discounted Dr. Issa's opinion and gave it "little weight," the R&R determined that the ALJ's Decision in this respect was based on good cause supported by substantial evidence. *See* ECF No. [35] at 24. In particular, the ALJ found Dr. Issa's opinion to be internally inconsistent with his own progress notes and lacking in objective evidence, and the R&R cited examples. *See id.* at 23. Further, the ALJ found Dr. Issa's Physical Capacities Evaluation ("PCE") inconsistent with other medical evidence of record, and the R&R cited specific examples. *See id.* at 23-24. The Court, upon review, finds that the ALJ applied the proper legal standards, articulated good cause for discounting Dr. Issa's opinion and PCE, and the ALJ's Decision is supported by substantial evidence.

Additionally, although the ALJ gave Plaintiff's non-treating State Agency physicians' opinions more weight, the R&R determined the ALJ's findings were consistent with the record and supported by substantial evidence. *See id.* at 25-27. The Court agrees. State Agency medical consultants are considered experts in Social Security disability programs and their opinions may be entitled to controlling weight if supported by evidence in the record. *See* 20 C.F.R. § 416.927(c)(4) (the more consistent a medical opinion is with the record as a whole, the more weight the ALJ may assign to that opinion); *see also id.* at § 416.927(e); SSR 96-6P (S.S.A. July 2, 1996), 1996 WL 374180, at *3 (noting that opinions from State Agency consultants may be entitled to greater weight than the opinions of treating or examining sources in appropriate circumstances); SSR 17-2P (S.S.A. Mar. 27, 2017), 2017 WL 3928306, at *3 (noting that State Agency medical or psychological consultants are "highly qualified medial sources who are also experts in the evaluation of medical issues in disability claims"); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 874 (11th Cir. 2011) (concluding that ALJ did not err in giving treating physician's opinion little weight and instead giving significant weight to the opinions of the State Agency consultants).

The record contains sufficient evidence that the ALJ did not err in weighing the medical opinions and according the State Agency physicians' opinions more weight than the opinions of Drs. Barnett and Issa.

Plaintiff asserts that *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019) compels the conclusion that the ALJ's Decision was erroneous. The Court does not agree. In *Schink*, the Eleventh Circuit found that the ALJ erred by failing to articulate good cause for discounting two treating physicians' opinions, failed to consider the claimant's mental impairments when assessing his residual functional capacity, and that substantial evidence did not support the finding that the claimant's bipolar disorder was not a severe impairment. *See id.* at 1252. Importantly, unlike the instant case, the ALJ's decision in *Schink* was improper because none of the ALJ's reasons for discounting the treating physicians' opinions were valid or supported by substantial evidence. *See id.* at 1260-64. For instance, the Court found that the ALJ wrongfully rejected the treating physician opinions because of the format of the questionnaires they completed. *Id.* at 1261-62. Further, the Court found that the ALJ did not clearly articulate the basis for his conclusion that the opinions were inconsistent with other substantial evidence of record, and the record in any event did not indicate inconsistencies. *Id.* at 1263-64.

None of these features are present here. The ALJ's Decision reflects that "little weight" was assigned to Dr. Barnett's opinion because his treatment history "strongly suggest[ed]" that he did not have a longitudinal understanding of Plaintiff's impairments and thus did not appear long enough to gather objective data to support his opinion regarding restrictive limitations, he had examined Plaintiff on only nine occasions over a nearly three year period, and his opinions were inconsistent or "incongruous" with other substantial evidence of record, and numerous specific inconsistencies were cited. *See* ECF No. [18] at 23. The ALJ did not err in evaluating these

components when assessing the record. An ALJ must consider various factors when weighing a medical opinion, such as the length and nature of the treatment relationship, frequency of examination, and the consistency of the opinion to the record as a whole. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c).

Moreover, even if one of the ALJ's bases for discounting Dr. Barnett's opinion was improper, remand is inappropriate because the ALJ's Decision otherwise provided good cause for discounting his opinion and is supported by substantial evidence. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (affirming ALJ's decision where the ALJ cited an improper reason in support of the adverse credibility determination because sufficient evidence in the record supported other independent reasons for the ALJ's adverse determination); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (determining that the ALJ made erroneous statement of fact, but holding that the error was harmless in the context of the case); *D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting claimant's argument that the ALJ failed to accord appropriate weight to the treating physician's opinion because the ALJ articulated "at least one specific reason for disregarding the opinion and the record supports it"); *see also Gilmore v. Astrue*, No. 309CV14/RV/EMT, 2010 WL 989635, at *18 (N.D. Fla. Feb. 18, 2010), *report and recommendation adopted*, No. 309CV14/RV/EMT, 2010 WL 989636 (N.D. Fla. Mar. 15, 2010) (finding that the ALJ's decision to discount treating physician's opinion was supported by the record even though two of the ALJ's reasons provided for discounting the opinion were not substantially supported by the record). Accordingly, the Court finds that the ALJ did not err in assessing and weighing the medical opinions.

## ii.     The ALJ properly evaluated Plaintiff's testimony

Plaintiff contends that the ALJ improperly discredited Plaintiff's testimony. ECF No. [36] at 20-21. In support, Plaintiff maintains that the ALJ misrepresented the record regarding Plaintiff's activities of daily living (for instance, cooking, driving, and going to the supermarket). However, as the R&R reflects, the ALJ provided several reasons supported by substantial evidence for discounting Plaintiff's subjective complaints, such as the complaints being inconsistent with Plaintiff's daily living. *See* ECF No. [35] at 14-15. *See also* 20 C.F.R. § 416.929(c)(3) (Commissioner will consider claimant's daily activities when assessing claimant's symptoms); *May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958 (11th Cir. 2007) (ALJ did not err in discounting claimant's subjective complaints of disabling pain where they were inconsistent with claimant's ability to drive, dine out, and shop); *Dyer*, 395 F.3d at 1212 (ALJ adequately explained his reasons for rejecting claimant's subjective complaints of disabling pain as inconsistent with record evidence regarding claimant's daily activities).

Additionally, the ALJ discounted Plaintiff's subjective complaints for being inconsistent with Plaintiff's treatment records. *See* ECF No. [35] at 15. *See also* 20 C.F.R. § 416.929(c)(4) (Commissioner will consider whether there are any inconsistencies in the evidence and the extent to which there are conflicts between claimant's statements and the rest of the evidence); *Lowery v. Soc. Sec. Admin., Comm'r*, 729 F. App'x 801, 804 (11th Cir. 2018) (noting that ALJ was entitled to discount claimant's testimony about the severity and limiting effects of his symptoms where inconsistent with the other evidence of record). Further, the ALJ found Plaintiff's treatment was essentially conservative and/or routine in nature, which type of treatment militated against Plaintiff's allegations that her symptoms were of an intensity, persistence, and limiting effect to be disabling. *See* ECF No. [35] at 15-16. *See also* 20 C.F.R. § 416.929(c)(3) (Commissioner shall

consider the type and effectiveness of medication the claimant takes to alleviate symptoms including the type, dosage, effectiveness, and side effects of medication and other treatment for relief); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that ALJ did not err in discounting claimant's subjective complaints of pain where evidence showed that claimant's treatment was conservative in nature). Moreover, the ALJ found that Plaintiff was not compliant with her prescribed treatment regimen. *See* ECF No. [35] at 16. *See* 20 C.F.R. § 416.929(c)(3) (Commissioner will consider any measures the claimant uses or has used to relieve the pain or symptoms); 20 C.F.R. § 416.930(b) (the failure to follow the prescribed treatment without good reasons will preclude a finding of disability); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (noting that a claimant's non-compliance with prescribed medical treatment is an acceptable factor for an ALJ to consider) (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)); *Brown v. Astrue*, 298 F. App'x 851, 853 (11th Cir. 2008) (noting that the ALJ "could consider [claimant's] failure to comply with a treatment regimen as a factor in assessing [claimant's] credibility").

Accordingly, upon review and consideration, the Court finds that the ALJ applied the proper legal standards in considering Plaintiff's allegations about her impairments, assessing Plaintiff's testimony in the context of all the evidence, and articulating legitimate reasons for discounting her testimony. The ALJ's Decision on this point, therefore, was not improper.

### iii. *The SSA met its burden to show Plaintiff can sustain employment*

Plaintiff appears to argue that Defendant failed to carry its burden at Step 5 in the sequential evaluation process. *See* ECF No. [36] at 21. Specifically, in referencing her argument in her response to Defendant's Motion that the ALJ improperly relied upon the Vocational Expert's conclusions, ECF No. [33] at 15-17, Plaintiff contends that Defendant did not prove Plaintiff is

capable of engaging in another kind of substantial gainful employment that exists in the national economy considering her age, education, and work experience. *Id.* at 21. *See also* ECF No. [35] at 3-5 (setting forth the five-step process and the considerations at each step). The Court does not find Plaintiff's argument on this point to have merit. As set forth in the R&R, the ALJ thoroughly reviewed medical evidence of Plaintiff's mental and physical impairments and included all of the resulting limitations in the hypothetical given to the Vocational Expert. *See id.* at 28. With those limitations and Plaintiff's background, the Vocational Expert explained that Plaintiff could work as an electronics worker, small products assembler, or mail sorter. *Id.* at 27-28. Upon review, the Court finds that the ALJ's Decision that Plaintiff could successfully adjust to other work that exists in significant numbers in the national economy was not erroneous. *See id.* at 28.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [35]** is **ADOPTED**;

2. Defendant's Motion for Summary Judgment, **ECF No. [23]**, is **GRANTED**;

3. Plaintiff's Motion to Declare Social Security Administration Administrative Law Judges Unconstitutional as Violating the Appointments Clause and Remand for a New Administrative Hearing, **ECF No. [30]**, is **DENIED**;

4. Plaintiff's Objections, **ECF No. [36]**, are **OVERRULED**;

5. The ALJ's Decision is **AFFIRMED**;

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**;

7. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 28th day of February, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record