UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62106-BLOOM/VALLE

PIA GAGLIARDI,

    Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Pia Gagliardi's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act (the "EAJA") (ECF No. 46) (the "Motion"). United States District Judge Beth Bloom has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 47); *see also* 28 U.S.C. § 636(c).

After due consideration of the Motion, the Government's Response (ECF Nos. 49, 50), Plaintiff's Reply (ECF No. 51), and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **DENIED** for the reasons set forth below.

### I.    PROCEDURAL HISTORY

The procedural history before the administrative agency is detailed in the undersigned's initial Report and Recommendation on the Commissioner's Motion for Summary Judgment and Plaintiff's Motion to Remand (the "underlying motions"), and is incorporated by reference. *See generally* (ECF Nos. 23, 30, 33, 35). Relevant here, in addition to various substantive challenges to the ALJ's Decision, Plaintiff argued that the Social Security Administration's Administrative

Law Judge (the "SSA ALJ") who heard her case did not possess the legal authority to decide her case based on *Lucia v. SEC*, 138 S. Ct. 2044 (2018),[1] which was decided after Plaintiff's disability application, ALJ hearing, and after the deadline for Plaintiff to submit materials to the Appeals Council for review. *See generally* (ECF No. 30). Based on *Lucia*, Plaintiff argued that her case should be remanded so it could be heard by another constitutionally appointed SSA ALJ. (ECF No. 30 at 5-6, 16-17).

On January 17, 2020, the undersigned recommended that Plaintiff's motion to remand based on the Appointments Clause challenge be denied and the Commissioner's Motion for Summary Judgment be granted, and final judgment be entered in favor of the Commissioner. (ECF No. 35). Specifically, the undersigned found that Plaintiff had forfeited her Appointments Clause challenge by not raising it during the administrative proceedings before the ALJ or the Appeals Council.[2] *Id.* at 9-13. The District Judge adopted the undersigned's recommendations. *See generally* (ECF No. 38).

Plaintiff appealed the District Court's Order to the Eleventh Circuit.[3] (ECF Nos. 39, 43). While Plaintiff's appeal was pending, however, the Supreme Court determined that a claimant

---

[1] In *Lucia*, the Supreme Court held that ALJs of the Securities and Exchange Commission were improperly appointed under the Appointments Clause—but did not address the constitutional status of SSA ALJs. *See* 138 S. Ct. 2044, 2055. Weeks later, on July 10, 2018, then-President Donald Trump issued Executive Order 13,843, reclassifying SSA ALJs as members of the excepted service in light of *Lucia*. *See* Excepting Administrative Law Judges from the Competitive Service, 83 Fed. Reg. 32,755 (July 10, 2018).

[2] On the merits, the undersigned found that substantial evidence supported the ALJ's finding that Plaintiff was not disabled and that the ALJ applied the proper legal standards. (ECF No. 35 at 13-28). The instant Motion challenges only the reasonableness of the Government's position on the Appointments Clause forfeiture issue.

[3] At that time of the District Court's Order, two appeals were pending before the Eleventh Circuit from other courts in this District on the same Appointments Clause issue as in this case. (ECF No. 38 at 6 n.3) (referring to *Lopez v. Acting Comm'r of the Soc. Sec. Admin,* No. 19-11747, and *Perez v. Comm'r of Soc. Sec.* No. 19-21160).

does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise it before the ALJ. *See Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021). Based on the Supreme Court's decision, the parties filed a consent motion to vacate the appeal and remand the case to the District Court, which the Eleventh Circuit granted. (ECF No. 44 at 1-2).

On remand, the District Court vacated its prior Order (ECF No. 38), and remanded the case to the Social Security Administration for further proceedings pursuant to Sentence Four of 42 U.S.C. §405(g). (ECF No. 45). The instant Motion followed.

## II.   STANDARD OF REVIEW

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To establish that its position was substantially justified, the "[G]overnment bears the burden of demonstrating that its case had a reasonable basis both in law and fact." *Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir. 1988) (quotation marks and citations omitted). Moreover, the Government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Importantly, a position need not be correct to be substantially justified. *Id*. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). Indeed, "[t]he fact that the [G]overnment lost its case does not raise a presumption that the [G]overnment's position was not substantially justified. Nor is the [G]overnment required to establish that its decision to litigate

3

was based on a substantial probability of prevailing." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

In evaluating the reasonableness of the Government's position, a court must consider both the Government's pre-litigation and district court litigation positions, "treating a case as an inclusive whole." *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (citations omitted); *see also* 28 U.S.C. § 2412(d)(2)(D) (defining the "position of the United States" as both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based"). Factors used for determining the reasonableness of the Government's position, include, among others:

> (1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; . . . (3) the legal merits of the government's position . . . [(4)] the clarity of the governing law; [(5)] the foreseeable length and complexity of the litigation; and [(6)] the consistency of the government's position.

*Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988) (citations omitted). Although one court's agreement or disagreement with the Government's position does not alone determine the reasonableness of its position, a "string of losses" or "even more so[,] a string of successes" may indicate whether the position was substantially justified. *Pierce*, 487 U.S. at 569.

### III.   DISCUSSION

#### A. Plaintiff's Fee Motion

In the Motion, Plaintiff seeks an award under the EAJA for $37,121.23 in attorneys' fees for the time spent by two attorneys representing Plaintiff before the District Court and Eleventh Circuit. *See generally* (ECF No. 46). The Government acknowledges that: (i) Plaintiff is the prevailing party under the EAJA; (ii) Plaintiff's fee motion was timely filed; and (iii) counsel's

claimed hourly rates are reasonable.[4] (ECF Nos. 48 at 4, 49 at 4). Thus, the only dispute is whether the Government's position was substantially justified.

Plaintiff, on the one hand, asserts that the Government's position was not substantially justified, as evidenced by: (i) long-standing precedent foreshadowing the Supreme Court's decision in *Carr*;[5] (ii) the non-adversarial and inquisitorial nature of agency proceedings as opposed to the adversarial nature of proceedings in federal court;[6] (iii) the failure of the SSA to adopt regulations to require issue-preclusion before the ALJs;[7] (iv) the ALJs' lack of expertise in constitutional matters; and (v) the futility of raising an Appointments Clause challenge before an ALJ who was powerless to grant the relief requested. (ECF No. 46 at 4-10). According to Plaintiff, the Government's position "defied its own regulations, . . . Supreme Court precedent, [] the only appellate decision at the time [*Cirko*], and was completely at odds with the [non-adversarial and inquisitorial] nature of the SSA generally." *Id.* at 10.

The Government, on the other hand, argues that it had a reasonable basis in law and fact for its position before the agency and during litigation. (ECF No. 49 at 5). According to the Government, prior to *Carr*, whether a claimant was required to raise the appointment challenge

---

[4] Alternatively, if the undersigned concludes that Plaintiff is entitled to fees under the EAJA, the Government objects to the fee request as excessive. (ECF No. 49 at 9-18) (objecting to the hours claimed and requesting 50% reduction for various billing inefficiencies).

[5] Plaintiff cites to *Sims v. Apfel*, 530 U.S. 103 (2000), decided 20 years before *Carr* (finding that it was improper for a court to impose an issue exhaustion requirement at the SSA Appeals Council level in the absence of statutory or regulatory authority) as a predictor of this case. (ECF No. 46 at 5).

[6] Citing to *Richardson v. Perales*, 402 U.S. 389, 400-01 (1971), Plaintiff points to the inquisitorial nature of SSA proceedings, which distinguish it from adversarial proceedings where issue exhaustion has traditionally been required. *Id.*

[7] Citing to *Cirko ex rel. v. Comm'r of Soc Sec.*, 948 F.3d 148 (3d Cir. 2020), Plaintiff argues that despite the Supreme Court's admonition in *Sims*, the SSA nonetheless failed to adopt regulations to require issue preclusion before the ALJs. *Id.* at 6.

before an ALJ was an "issue of unsettled law." *Id.* at 6. In addition, the Government cites to a "string of successes" on the forfeiture issue, which it claims positively reflect on the reasonableness of the Government's litigation position. *Id.* at 8; *see also* (ECF No. 31 at 5-7) (compiling cases on the forfeiture of Appointments Clause claims and noting that "34 out of 35 district courts that have decided the issue . . . have rejected [Appointments Clause challenges] where claimant failed to make the constitutional challenge at the administrative level"). For the reasons discussed below, the undersigned concludes that the Government's position was substantially justified.

### B. The Commissioner's Position Was Substantially Justified

Treating the case "as an inclusive whole," the undersigned finds that the Government's position before the Social Security Administration and in federal court was reasonable in law and in fact.

At the agency level, there is no dispute that Plaintiff did not raise the Appointments Clause challenge. Not surprisingly, neither the ALJ nor the Appeals Council addressed the issue. The Government, for its part, had no legal duty to raise the issue on its own. *See Benjamin v. Comm'r of Soc. Sec*. No. 19-CV-23691-Altonaga (S.D. Fla. Aug. 2, 2021) (ECF No. 45 at 6) (noting "the dearth of precedent governing the [Government's] obligation to *sua sponte* raise the Appointments Clause issue" and finding that the Commissioner's pre-litigation position had a reasonable basis both in law and fact); *see also Rich v. Comm'r of Soc. Sec. Admin.*, 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020) (noting "no support [for] imposing a *sua sponte* obligation on the Commissioner to raise Appointments Clause challenges" at the administrative level). Since Plaintiff did not raise the issue, and the Government had no obligation to raise the issue *sua sponte*, there was little else that could have been done at the administrative level. *See Hines v. Comm'r of Soc. Sec.*, No. 18-CV-

6

16037 (SRC), 2020 WL 3396801, at *2 (D.N.J. June 18, 2020) (noting that since neither party took a position at the administrative level, the issue did not exist then and it was "meaningless to speak of the Commissioner's position at the administrative level"). Accordingly, the undersigned finds that the Government's pre-litigation position was substantially justified.

Likewise, the undersigned finds the Government's litigation position in court was substantially justified. Before this Court, the Commissioner argued that Plaintiff had forfeited her Appointments Clause challenge by not raising it during the administrative proceedings. (ECF No. 49 at 6). Importantly, when the Commissioner filed his brief, *Carr* had not yet been decided. Rather, at that time, the forfeiture issue presented "an in issue of unsettled law" that ultimately resulted in a split between Circuits and two then-pending appeals to the Eleventh Circuit.[8] *Id.* at 6; *see also supra* note 3.

Furthermore, the Government relied on "numerous cases that weighed in [the Commissioner's] favor." *Id*. at 7; *see also* (ECF No. 31 at 5-7) (Commissioner's response to Plaintiff's Motion to Remand compiling cases and noting that "34 out of 35 district courts that have decided the issue . . . have rejected [Appointments Clause challenges] where claimant failed to make the constitutional challenge at the administrative level"). Indeed, in adopting the undersigned's recommendation in this case, the District Judge cited a litany of cases in this District and other federal courts in Florida that similarly concluded that "an Appointments Clause challenge must be raised before ALJ's decision becomes final at the administrative level."

---

[8] While the Third Circuit found that a claimant could challenge the constitutionality of an ALJ's appointment for the first time in federal court, the Eighth and Tenth Circuits agreed with the Commissioner's position that the claimant had forfeited the Appointments Clause challenge by not raising it during the agency proceedings. *Compare Cirko*, 948 F.3d 148 (3d Cir. 2020) *with Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, 141 S. Ct. 811 (2020) *and Carr v. Comm'r, SSA,* 961 F.3d 1267 (10th Cir. 2020), *cert. granted*, 141 S. Ct. 813 (2020).

(ECF No. 38 at 5-6) (citing to *Perez v. Berryhill*, No. 18-CV-20760, 2019 WL 1405642, at *4-5 (S.D. Fla. Mar. 28, 2019); *Parker v. Berryhill*, No. 18-CV-14349, 2019 WL 3097511, at *10-11 (S.D. Fla. July 15, 2019); *Lopez v. Berryhill*, No. 18-CV-20626, 2019 WL 1429632, at *5-7 (S.D. Fla. Mar. 29, 2019); *Jones v. Berryhill*, No. 18CV503-CAS, 2019 WL 2583157, at *7-8 (N.D. Fla. June 21, 2019); *Valle-Roman v. Comm'r of Soc. Sec.*, No. 18-CV-1158-OrL-TBS, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019)). Thus, the District Judge sided with "the vast majority of district courts [that] have rejected Appointments Clause challenges to SSA ALJs where the plaintiff did not raise the issue during the administrative proceedings," finding these cases persuasive. (ECF No. 38 at 6).

While not dispositive, "a string of successes," such as here, provides strong support for the reasonableness of the Government's litigation position. *Pierce,* 487 U.S. at 569; *Benjamin*, No. 19-CV-3691 (ECF No. 45 at 8) (considering the Government's "string of successes" as a factor in finding that the Government's position was substantially justified and denying fees under the EAJA). In Reply, however, Plaintiff argues that, although previous successes are a permissible factor in determining the reasonableness of the Government's position, the Court should nonetheless find that the Government's position was not substantially justified because the Government's "have your cake and eat it too position was patently unfair to claimants." (ECF No. 51 at 2). The undersigned, however, rejects this argument because—as a partial waiver of sovereign immunity—the EAJA "must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

Lastly, while Plaintiff is correct that prior Supreme Court decisions informed the Third Circuit's holding in *Cirko*, those earlier decisions "did not automatically foreclose the Commissioner's position." *Benjamin*, No. 19-CV-23691 (ECF No. 45 at 6). Indeed, the Third

Circuit acknowledged that neither *Lucia, Freytag*[9] nor *Sims* were directly on point, but served as guidance for the Court's opinion. *Cirko*, 948 F. 3d. at 154-55. Moreover, the Government's position need not prove to be correct to be substantially justified. *Pierce,* 487 U.S. at 569.

Against this factual and legal backdrop, the undersigned concludes that the Government's position on Plaintiff's Appointment's Clause challenge was substantially justified. Other courts faced with similar motions for fees have agreed. *See, e.g., Benjamin,* No. 19-CV-23691 (ECF No. 45 at 8) (determining that Government's position on Appointments Clause challenge was substantially justified and denying fees under the EAJA); *Palmer v. Kijakazi*, No. 5-19-CV-00215-RBF, 2022 WL 508350, at *3 (W.D. Tex. Feb. 18, 2022) (denying motion for attorney fees under EAJA because the Commissioner's position on the Appointments Clause issue was substantially justified); *Rager v. Saul*, No. 19-CV-00140, 2021 WL 374477, at *3-4 (W.D. Ky. Feb. 3, 2021) (after having remanded to another ALJ upon claimant's successful Appointments Clause challenge, denied EAJA fees because the Commissioner's position on the Appointments Clause challenge was substantially justified); *Rich*, 477 F. Supp. 3d at 398 (same); *Hines*, 2020 WL 3396801, at *3 (same); *Cortese v. Comm'r of Soc. Sec.*, No. CV 18-3437, 2020 WL 2745741, at *6 (E.D. Pa. May 27, 2020), *reconsideration denied*, 2020 WL 3498104 (E.D. Pa. June 29, 2020). Furthermore, because the undersigned finds that Plaintiff is not entitled to an award of fees under the EAJA, the undersigned need not address the reasonableness of the hours claimed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that: Plaintiff's Petition for Attorneys' Fees pursuant to the EAJA (ECF No. 46) be **DENIED**.

---

[9] *Freytag v. Commissioner*, 501 U.S. 868 (1991) (dealing with Appointments Clause challenge regarding tax courts).

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on March 1, 2022.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
    All Counsel of Record