UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62106-BLOOM/Valle

PIA GAGLIARDI,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Pia Gagliardi's ("Gagliardi") Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act, ECF No. [46] (the "Motion"). The Motion was referred to the Honorable Alicia O. Valle, United States Magistrate Judge, ECF No. [47], who issued a Report and Recommendation ("R&R") on March 1, 2022, recommending that Gagliardi's Motion be denied. ECF No. [52]

Gagliardi filed a timely Objection to the R&R, ECF No. [53], to which Defendant Social Security Administration (the "Commissioner") filed a Response. *See* ECF No. [58]. Gagliardi subsequently filed two Notices of Supplemental Authority, ECF Nos. [57], [59], and an additional Motion to Supplement, ECF No. [60]. The Commissioner filed a Response in Opposition to the Motion to Supplement. ECF No. [61].

The Court has carefully considered the R&R, Gagliardi's Objections, Notices, and Motion to Supplement, the Commissioner's Responses, the record in this case, the applicable law, and is otherwise fully advised. Moreover, the Court has conducted a *de novo* review of the R&R in light of Plaintiff's Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28

U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court adopts the R&R in full and denies Gagliardi's Motion.

## I.     BACKGROUND

Following denial of her application for supplemental security income, Gagliardi requested a hearing before a Social Security Administrative Law Judge ("ALJ"). ECF No. [18] at 14. On September 26, 2017, the ALJ who heard Gagliardi's case issued a decision, finding that Gagliardi was not disabled within the meaning of the Social Security Act. *Id.* at 34. On July 3, 2018, the Appeals Council denied Gagliardi's request for review. *Id.* at 5. Gagliardi timely filed for judicial review. ECF No. [1].

On June 21, 2018, the Supreme Court decided *Lucia v. S.E.C.*, in which it held that ALJs appointed by the Securities and Exchange Commission were subject to the requirements of the Appointments Clause. 138 S. Ct. 2044, 2055 (2018). Accordingly, an individual whose case was heard by an ALJ who was not properly appointed, and who timely raised the Appointments Clause challenge, was entitled to have her case reheard by a properly appointed ALJ. *Id.*

Relying on *Lucia*, Gagliardi moved for her case to be remanded to be reheard by a properly appointed ALJ. ECF No. [30]. After reviewing Gagliardi's argument and the caselaw, the Court agreed with "the vast majority of courts that have considered this issue and have concluded the Appointments Clause issue is forfeited if not raised in the administrative proceedings." ECF No. [38] at 6 (quoting *Jones v. Berryhill*, No. 4:18CV503-CAS, 2019 WL 2583157, at *7 (N.D. Fla. June 21, 2019) (quotation marks omitted)). Gagliardi did not raise the Appointments Clause issue

in the administrative proceeding, so the Court denied Gagliardi's motion to remand on the ground that her Appointments Clause challenge was forfeited. ECF No. [38] at 4-12.

Gagliardi appealed to the Eleventh Circuit. ECF No. [39]. While her appeal was pending, the Supreme Court determined that a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise it before the ALJ. *See Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021). In light of that decision, Gagliardi's appeal was vacated, and the case was remanded back to this Court. ECF No. [44]. The Court remanded Gagliardi's case to the Social Security Administration for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. [45]. The instant Motion followed. ECF No. [46].

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court

may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties agree that Gagliardi was the "prevailing party" in this case. *See* ECF No. [52] at 4. The primary contested issue is whether the Commissioner's position was "substantially justified." *Id.* at 5.

#### A. Whether the Commissioner's position was substantially justified

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in a case brought against the United States is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A). "In proving that its position was substantially justified, the government bears the burden of demonstrating that its case had a reasonable basis both in law and fact." *Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir. 1988) (quotation marks omitted). Put differently, the Government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In evaluating whether the Government's position was "substantially justified," a court must consider both the Government's prelitigation and litigation positions, "treating a case as an inclusive whole[.]" *Comm'r, INS v. Jean*, 496 U.S. 154, 159–62 (1990); *see also* 28 U.S.C. § 2412(d)(2)(D) (defining the "position of the United States" as both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based"). Factors to consider include:

> (1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; . . . (3) the legal merits of the government's position . . . [(4)] the clarity of the governing law; [(5)] the foreseeable length and complexity of the litigation; and [(6)] the consistency of the government's position.

4

*Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988). One court's agreement or disagreement with the Government is not dispositive; but a "string of losses" or "even more so[,] a string of successes" strongly indicates substantial justification (or a lack thereof). *Pierce*, 487 U.S. at 569.

In her Objection, Gagliardi does not appear to contest the R&R's determination that the Commissioner's prelitigation position was substantially justified. ECF No. [52] at 6-7. That is, Gagliardi does not argue that the ALJ or the Appeals Council should have *sua sponte* raised the Appointments clause issue. *See, e.g., Golembiewski v. Barnhart*, 382 F.3d 721, 724–25 (7th Cir. 2004) (holding that the Commissioner's prelitigation position in SSA proceedings for the purposes of an EAJA inquiry includes the ALJ's and Appeals Council's decisions). Having reviewed the R&R's finding for clear error, *Macort*, 208 F. App'x at 784, the Court finds none and agrees that the Commissioner's pre-litigation position was substantially justified.

Gagliardi focuses her objection on the Commissioner's litigation position that Social Security proceedings are subject to an exhaustion requirement, such that Gagliardi's Appointment Clause challenge was waived for failure to raise it before the ALJ. *See generally* ECF No. [53]. Gagliardi argues that the Commissioner's forfeiture position violated the SSA's "own regulations," which provide that the administrative review process will be conducted "'in an informal, non-adversarial manner.'" *Id.* at 5-6 (quoting 20 C.F.R. § 404.900(b)). Moreover, given that Gagliardi's ALJ hearing predated the Supreme Court's decision in *Lucia*, she argues that the Commissioner's position was "manifestly unfair" to claimants like her, who never had a reasonable opportunity to raise the Appointments Clause issue. *Id*. at 6-7.

Gagliardi is correct that forfeiture can be harsh, but it is the rule in administrative law, rather than the exception. *See Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1254 (11th Cir. 2007) ("Under ordinary principles of administrative law, a reviewing court will not consider arguments

that a party failed to raise in timely fashion before an administrative agency." (quotation marks omitted)). Moreover, the Eleventh Circuit decided in a related context that the Appointments Clause challenge was available prior to the Supreme Court's *Lucia* decision. *Pharmacy Doctors Enterprises, Inc. v. Drug Enforcement Admin.*, 789 F. App'x 724, 729 (11th Cir. 2019).

And although Gagliardi is correct that the forfeiture rule is inconsistent with the non-adversarial nature of SSA proceedings, that conclusion was not clear prior to the Supreme Court's 2021 decision in *Carr*. 141 S. Ct. at 1362. As the R&R correctly noted, the forfeiture rule's applicability to SSA proceedings was an unsettled issue of law when the Commissioner opposed Gagliardi's motion to remand. ECF No. [52] at 7. At that time, the Courts of Appeal were split on the issue, and Florida District Courts—including this Court—consistently sided with the Commissioner's position. *See id.* at 8 (citing cases). Having considered the factors listed in *Jean*, 863 F.2d at 767, the Court finds that the Commissioner's position was reasonable and brought in good faith. When the Supreme Court's decision in *Carr* rendered that position untenable, the Commissioner promptly and appropriately consented to remand for a new hearing before a properly appointed ALJ. ECF No. [45] at 2.

In sum, as this District Court concluded in nearly identical case, "the distinctions between this case and prior Supreme Court precedent, the well-established legal principles foundational to the Commissioner's positions, and the Commissioner's 'string of success' in many district courts demonstrate the Commissioner's litigation position was substantially justified." *Benjamin v. Commission of Soc. Scty*, Case No. 19-cv-23691, ECF No. [45] at 8 (S.D. Fla. Aug. 2, 2021). Accordingly, the Court adopts the R&R's conclusion that the Commissioner's position was "substantially justified."

### B. Gagliardi's estoppel argument

Gagliardi next argues that the Commissioner should be estopped from opposing Gagliardi's request for attorneys' fees because, "in other litigation, the SSA has conceded entitlement to attorneys' fees under EAJA for plaintiffs who have obtained remands based solely on the identical legal issue presented here." ECF No. [53] at 8. Gagliardi supports her estoppel argument with two Notices of Supplemental Authority that contain cases wherein the SSA stipulated to an award for EAJA fees. *See* ECF Nos. [57], [59].

Gagliardi relies on *New Hampshire v. Maine* for the proposition that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position[.]" ECF No. [53] at 8 (quoting 532 U.S. 742, 749 (2001)). However, *New Hampshire* is inapposite as it dealt with a party's inconsistent positions *within the same case*. 532 U.S. at 754. Here, by contrast, Gagliardi is arguing that the Government's non-opposition to EAJA motions *in other cases* precludes the Government's opposition here.

As the Commissioner correctly notes, Gagliardi is essentially attempting to apply the doctrine of "nonmutual collateral estoppel" against the Government. *United States v. Mendoza*, 464 U.S. 154, 163 (1984). Pursuant to that doctrine, "the resolution by a court of an issue of fact or law necessary to its judgment precludes the relitigation of that issue in a subsequent suit based on a different cause of action involving a party to the prior litigation." *Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp.*, 768 F.2d 1558, 1578 (11th Cir. 1985). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

However, nonmutual collateral estoppel does not normally apply to the Government. *See Mendoza*, 464 U.S. at 160. In *Mendoza*, the Supreme Court considered whether the Government was estopped from relitigating an issue decided against it in a prior U.S. District Court decision, which the Government declined to appeal. *Id*. at 157. The respondent in *Mendoza*, who was not a party in the prior District Court proceeding, argued that the Government's decision not to appeal the prior decision precluded the Government from relitigating the issue in a subsequent case, under the theory of nonmutual collateral estoppel. *Id.* The *Mendoza* court rejected that estoppel argument, reasoning that the "economy interests underlying a broad application of collateral estoppel are outweighed by the constraints which peculiarly affect the government." *Id*. at 162-63. "Indeed, a contrary result might disserve the economy interests in whose name estoppel is advanced by requiring the government to abandon virtually any exercise of discretion in seeking to review judgments unfavorable to it." *Id*. at 163.

For similar reasons, nonmutual collateral estoppel does not preclude the Commissioner here from opposing Gagliardi's EAJA motion. The Commissioner asserts that its decisions to litigate or stipulate to EAJA awards are decided "on a case-specific basis, and not on the basis of a singular nationalized policy." ECF No. [58] at 4. If Gagliardi's estoppel theory prevailed, then the Government's stipulation to an EAJA award in a single case would have far-reaching collateral effects in other cases. That result would force the Government to abandon the "prudential concerns" that govern its decisions to sometimes stipulate to questionable EAJA awards; it would encourage the Commissioner to instead litigate every such motion. *Mendoza*, 464 U.S. at 161. Such a result would "disserve the economy interests in whose name estoppel is advanced[.]" *Id*. at 163. For these reasons, Gagliardi's estoppel argument fails.

### C.     Gagliardi's APA argument

In Gagliardi's Motion to Supplement, filed 91 days after the R&R, she introduces a new argument: that the Commissioner's litigation decision to oppose an EAJA award in this case was "arbitrary and capricious" and therefore in violation of the Administrative Procedure Act ("the APA"). ECF No. [60-1] at 5.

The Government correctly points out that this APA argument was neither raised before the Magistrate Judge, nor within the 14-day period following the R&R. ECF No. [61] at 2 (citing 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(b)). Gagliardi replies that, prior to issuance of the R&R, she was unaware of the "SSA's disparate treatment" of her case and similar cases in which the SSA stipulated to EAJA awards. ECF No. [62] at 2. While Gagliardi has provided a plausible explanation as to why she did not raise this argument with the Magistrate Judge, she has provided no explanation for her failure to timely raise it in her objections to the R&R.

Nonetheless, the Court has considered Gagliardi's APA argument and found it to be without merit. As the Commissioner correctly notes, ECF No. [61] at 4, judicial review under the APA is limited to "final agency action[s] for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. The Commissioner's decision to oppose an EAJA motion "is simply an ordinary litigation decision, not an agency's 'final disposition' of the kind referenced in the APA." *Watts v. S.E.C.*, 482 F.3d 501, 506 (D.C. Cir. 2007). Moreover, Gagliardi has an "adequate remedy in a court" to contest the Commissioner's opposition to her Motion: She may litigate her Motion, as she has vigorously done before this Court. Accepting Gagliardi's application of the APA to these circumstances would lead to meta-litigation—that is, litigation of an agency's litigation decisions—contrary to the Supreme Court's admonition that a "request for attorney's fees should

not result in a second major litigation." *Pierce*, 487 U.S. at 563 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Accordingly, the Court rejects Gagliardi's APA argument.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [52]**, is **ADOPTED** in full;

2. Gagliardi's Motion to Supplement, **ECF No. [60]**, is **GRANTED**;

3. Gagliardi's Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act, **ECF No. [46]**, is **DENIED**;

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of August, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record